George J. SCHALLER, Appellant, v. BOARD OF SUPERVISORS OF JACKSON COUNTY, IOWA, in Behalf of Green Island Levee and Drainage District No. 1 of Jackson County, Iowa, et al., Appellees (two cases).

Nos. 10540, 10566.

Circuit Court of Appeals, Eighth Circuit.

June 26, 1936.

J. S. Whitney, of Storm Lake, Iowa (A. L. Whitney and Ellis R. Stern, both of Storm Lake, Iowa, on the brief), for appellant.

W. A. Smith, of Dubuque, Iowa (W. L. Keck, of Maquoketa, Iowa, on the brief), for appellees.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

The Green Island Levee and Drainage District No. 1 of Jackson County, Iowa, was organized under the laws of the state of Iowa. Claiming to be unable to meet its debts as they mature, it presented to the United States District Court for the Northern District of Iowa its petition, together with a proposed plan of readjustment of its obligations. The petition was drawn and sought relief under section 80 of the Bankruptcy Act as amended (11 U.S.C.A. § 303). It was alleged that the Drainage District constituted a taxing district within the meaning of section 80 of the Bankruptcy Act as amended and that creditors owning not less than 30 per cent. in amount of the outstanding indebtedness of the district have

accepted the said plan of readjustment. The District Court entered an order approving the petition as properly filed and subsequently thereto a holder of bonds of the drainage district moved the District Court to dismiss the petition on the ground that the section under which it was filed was unconstitutional. The District Court denied the motion to dismiss, and these appeals were taken from that order; No. 10540 being allowed by this court, and No. 10566 being allowed by the District Court.

Subsequent to the ruling on the motion to dismiss, and on May 25, 1936, the Supreme Court of the United States in the case of C. L. Ashton et al. v. Cameron County Water Improvement District No. One, 56 S.Ct. 892, 80 L.Ed. ——, has held that section 80 of the Bankruptcy Act as amended (11 U.S.C.A. § 303) was invalid under the Constitution. The holding is directly applicable here and requires us to rule that the motion to dismiss should have been sustained by the trial court.

Reversed and remanded.